```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

MIOSOTIS TRONCOSO,           )
        Petitioner           )    CIVIL ACTION NO.
                             )    05-11403-PBS
                             )
        v.                   )
                             )
UNITED STATES OF AMERICA,    )
        Respondent           )
                             )
```

**Government's Response To Petitioner's
Motion Under 28 U.S.C. § 2255**

**Introduction**

The United States of America, by Michael J. Sullivan, United States Attorney, and Michael J. Pelgro, Assistant U.S. Attorney, hereby files this response to the petitioner's motion under 28 U.S.C. § 2255. On June 27, 2005, petitioner Miosotis Troncoso ("Troncoso") filed a motion for immediate resentencing in her criminal case, No. 03-10229-PBS, which the Court has deemed to be a petition pursuant to 28 U.S.C. § 2255.[1] Troncoso has requested that the Court re-sentence her because the government did not respond to the Court's Order dated May 2, 2005 seeking information as to whether the Bureau of Prisons ("BOP") had deemed Troncoso ineligible for placement in a boot camp. For the reasons set forth below, Troncoso's claim is factually inaccurate and legally not cognizable under § 2255. Accordingly, her petition should be dismissed by the Court.

---

[1] In her motion (¶6), Troncoso expressly requested that the Court treat her pleading as a motion under 28 U.S.C. § 2255.

**Facts and Procedural Posture**

On March 19, 2004, Troncoso pleaded guilty to an indictment charging her with conspiracy to possess over five kilograms of cocaine with intent to distribute. On June 23, 2004, the Court sentenced her to 41 months' imprisonment, 3 years' supervised release, no fine, and a $100 special assessment. The Judgment was docketed on June 24, 2005. Troncoso did not file a direct appeal from the Judgment.[2]

The Judgment contained a recommendation that the BOP consider Troncoso for placement in an intensive confinement center (commonly referred to as a "boot camp"). The BOP has terminated its intensive confinement center program. Based on this circumstance, Troncoso believes that this Court should modify its lawfully-imposed sentence or re-sentence Troncoso to a lesser term of imprisonment.

**Argument**

Troncoso bears the burden of demonstrating, by a preponderance of evidence, not only that she is entitled to relief under §2255 but also that she is entitled to an evidentiary hearing. Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992); United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993); Cody v. United States, 2001 WL 487947 at *5 (1st

---

[2] Troncoso did not file her petition until June 27, 2005. While there may be an issue implicating the one-year deadline contained in § 2255, the government is not pressing this issue.

Cir. 2001). An evidentiary hearing is unnecessary when a § 2255 petition "is inadequate on its face" or, "although facially adequate[,] is conclusively refuted as to the alleged facts by the files and records of the case." McGill, 11 F.3d at 226. *See also* Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993)(accord); Barrett, 965 F.2d at 1186 (accord). A petitioner is not entitled to an evidentiary hearing where his or her allegations "cannot be accepted as true because 'they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact,'" Murchu v. United States, 926 F.2d 50, 57 (1st Cir. 1991)(citation omitted); McGill, 11 F.3d at 226 (accord), or where they "amount to mere 'bald' assertions without sufficiently particular and supportive allegations of fact," Barrett, 965 F.2d at 1186.

> A district court may dismiss a section 2255 petition without holding an evidentiary hearing if it plainly appears on the face of the pleadings that the petitioner is not entitled to the requested relief, or if the allegations, although adequate on their face, consist of no more than conclusory prognostications and perfervid rhetoric, or if the key factual averments on which the petition depends are either inherently improbable or contradicted by established facts of record.

United States v. LaBonte, 70 F.3d 1396, 1412-13 (1st Cir. 1995). The trial judge, moreover, "is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." McGill, 11

F.3d at 225. *See also* Cohen v. United States, 996 F. Supp. 110, 112 (D. Mass. 1998)(Young, CJ)(a court "may rely on its own recollections of previous events when deciding a motion brought under section 2255"); Norton v. United States, 1997 WL 305222 at *2 (D. Mass. 1997)(Young, CJ) (accord); Indelicato v. United States, 106 F. Supp. 2d 151, 154 (D. Mass. 2000)(Saris, J)(accord).

    **A.   Troncoso's Claim Is Factually Inaccurate.**

In ¶5 of her motion, Troncoso requests that the Court re-sentence her immediately because the government did not respond to the Court's Order dated May 2, 2005 in the criminal case seeking information on the "boot camp" placement. Troncoso's claim is factually inaccurate. On June 17, 2005, the government filed a response to the Court's Order and mailed a copy to Troncoso. The government's paper filing was rejected for non-compliance with the Court's Standing Order concerning electronic filing. On June 22, 2005, the government re-filed the document electronically and it appears on the docket as No. 119. On this basis alone, the Court should dismiss Troncoso's petition as it is based entirely on a mistaken factual assertion.

    **B.   Troncoso's Claim Is Not Cognizable Under § 2255.**

Section 2255 provides that a sentenced federal prisoner may move a court to vacate, set aside, or correct its sentence under one of four circumstances: (1) the sentence was imposed in

violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.

In this case, Troncoso has not alleged any error falling within the above four categories. Indeed, as set forth above, her only claim – that the government failed to respond to the Court's Order – is factually inaccurate. Even if it was factually accurate, it would provide her with no legal basis for invalidating the Court's lawfully-imposed sentence.

Even construing Troncoso's motion as being based on the BOP's termination of the "boot camp" program, there still is no legal basis for invalidating the Court's lawfully-imposed sentence. The reason for this is abundantly clear: there was no error in the sentence or in the legal proceedings that gave rise to the sentence. The fact that the BOP has determined that it cannot comply with the Court's non-binding recommendation is not a legally cognizable basis for a motion under § 2255.[3] Rather, Troncoso is challenging the execution of the Court's lawfully-imposed sentence or the conditions of her confinement. The only

---

[3]Similarly, if the BOP determined that it could not comply with a judicial recommendation concerning where to incarcerate a prisoner (e.g., FMC Devens or a location close to Massachusetts), then the prisoner could not bring a motion under § 2255 to vacate the sentence.

appropriate vehicle for that type of challenge is a petition under 28 U.S.C. § 2241 in the district where she is incarcerated. "Federal prisoners are permitted to use § 2241 to attack the execution, rather than the validity, of their sentences." United States v. Barrett, 178 F.3d 34, 50 (n.10) (1st Cir. 1999). *See also* United States v. DiRusso, 535 F.2d 673, 674-76 (1st Cir. 1976); Calvache v. Benov, 183 F. Supp. 2d 124, 126 (D. Mass. 2001)("Typically, prisoners are permitted to use section 2241 to challenge the execution of their sentences, not the validity of their sentences").

> In contrast to § 2255, a "motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, types of detention and prison conditions."

Gonzalez v. United States, 150 F. Supp. 2d 236, 241 (D. Mass. 2001)(*quoting* Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001) (emphasis in original). *See also* Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000)(a § 2255 petition "provides the primary means of collateral attack on a federal sentence" while a § 2241 petition "attacks the manner in which the sentence is carried out or the prison authorities' determination of its duration"); Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000)("petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to

§ 2241"); Gomori v. Arnold, 533 F.2d 871, 874 (3rd Cir. 1976)(a § 2241 petition is appropriate "where petitioner challenges the effect of events 'subsequent' to his sentence"). Accordingly, Troncoso's claim is not legally cognizable under § 2255.

## Conclusion

For the reasons set forth above, the government respectfully requests that the Court dismiss the petitioner's motion under 28 U.S.C. § 2255.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Michael J. Pelgro
      Michael J. Pelgro
      Assistant U.S. Attorney

DATED:    August 4, 2005

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

>   Miosotis Troncoso
>   Inmate No. 24834-038
>   FMC/Satellite Camp
>   P.O. Box 14525
>   Lexington, KY 40512

This 4th day of August 2005.

>                       s/Michael J. Pelgro
>                       MICHAEL J. PELGRO
>                       ASSISTANT UNITED STATES ATTORNEY