```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

MIOSOTIS TRONCOSO,            )
        Petitioner            )    CIVIL ACTION NO.
                              )    05-11403-PBS
                              )
        v.                    )
                              )
UNITED STATES OF AMERICA,     )
        Respondent            )
                              )
```

**Government's Motion To Dismiss**
**Petitioner's Motion Under 28 U.S.C. § 2255**

**Introduction**

The United States of America, by Michael J. Sullivan, United States Attorney, and Michael J. Pelgro, Assistant U.S. Attorney, hereby files this motion to dismiss the petitioner's motion under 28 U.S.C. § 2255. On June 27, 2005, petitioner Miosotis Troncoso ("Troncoso") filed a motion for immediate resentencing in her criminal case, No. 03-10229-PBS, which the Court has deemed to be a petition pursuant to 28 U.S.C. § 2255.[1] Troncoso has requested that the Court re-sentence her because the government did not respond to the Court's Order dated May 2, 2005 seeking information as to whether the Bureau of Prisons ("BOP") had deemed Troncoso ineligible for placement in a boot camp. For the reasons set forth below, Troncoso's petition should be dismissed by the Court.

---

[1] In her motion (¶6), Troncoso expressly requested that the Court treat her pleading as a motion under 28 U.S.C. § 2255.

**Facts and Procedural Posture**

On March 19, 2004, Troncoso pleaded guilty to an indictment charging her with conspiracy to possess over five kilograms of cocaine with intent to distribute. On June 23, 2004, the Court sentenced her to 41 months' imprisonment, 3 years' supervised release, no fine, and a $100 special assessment. The Judgment was docketed on June 24, 2005. Troncoso did not file a direct appeal from the Judgment.[2]

The Judgment contained a recommendation that the BOP consider Troncoso for placement in an intensive confinement center (commonly referred to as a "boot camp"). The BOP has terminated its intensive confinement center program. Based on this circumstance, Troncoso believes that this Court should modify its lawfully-imposed sentence or re-sentence Troncoso to a lesser term of imprisonment.

**Argument**

In order to make a good-faith effort to comply with the Court's non-binding judicial recommendation, the BOP made the necessary arrangements to have Troncoso transferred to the Challenge Incarceration Program, a boot-camp style program at the St. Croix Correctional Center, a state facility in New Richmond, Wisconsin. Troncoso arrived at this facility on the evening of

---

[2]Troncoso did not file her petition until June 27, 2005. While there may be an issue implicating the one-year deadline contained in § 2255, the government is not pressing this issue.

January 25, 2006.  From the beginning, however, it was clear that Troncoso did not want to be at a boot camp and she quit within three days of her arrival there.  The government has attached to this motion reports (13 pages) concerning Troncoso's short visit to Wisconsin and her voluntary decision to return to the federal facility.  Given this state of affairs, there is no basis for relief and the Court should dismiss Troncoso's petition.

## Conclusion

For the reasons set forth above, the government respectfully requests that the Court dismiss the petitioner's motion under 28 U.S.C. § 2255.

>
> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
>
> By:   /s/ Michael J. Pelgro
>       Michael J. Pelgro
>       Assistant U.S. Attorney

DATED:   April 28, 2006.

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

       Miosotis Troncoso
       Inmate No. 24834-038
       FMC/Satellite Camp
       P.O. Box 14525
       Lexington, KY 40512

This 28th day of April 2006.

                        s/Michael J. Pelgro
                        MICHAEL J. PELGRO
                        ASSISTANT UNITED STATES ATTORNEY



Jim Doyle
Governor

Matthew J. Frank
Secretary

**State of Wisconsin**
**Department of Corrections**

St. Croix Correctional Center
1859 North Fourth Street
P.O. Box 36
New Richmond, WI 54017-0036
Telephone (715) 246-6971
Fax (715) 246-3680

January 31, 2006

Mr. Jerry Urbanek, Director
Federal Community Corrections
Chicago, Illinois

Mr. Urbanek,

This notice is being sent in regards to Federal inmate Miosotis Troncoso Re. No.: 24834-038. I am forwarding you incident reports on her short stay here at the Challenge Incarceration Program in New Richmond, WI. Inmate Troncoso, from the very beginning, appeared to not be too invested in our program. She had her sister call from Miami, FL the morning of her arrival in Minnesota to tell us that her bus was late and she would be arriving approximately 3 hours later then we expected. When we checked to verify this information, Troncoso's bus was on time and she had plenty of time to get to our Center for the intake planned that day. Also, when she called from the cab, she asked to have the correctional center pay her cab fare. I had arranged for her fare to be paid by the Federal Authorities well before her transfer to our Center.

Troncoso's first evening at the Center, 1/25/06, she said she was quitting and going back to the 'Feds'. We chalked that up to being tired from a long ride on the bus, anxiety to being placed in a boot camp and the fact all new inmates do not want to be here. We did not allow her to quit and kept working with her for the next few days.

There are several incident reports describing her behavior that led to her removal on 1/28/06. She disobeyed numerous direct orders, was disruptive to our Center's operation and stated she wanted to go to any prison but here. Please see the attached reports.

If you have any questions, please feel free to call me at 715-246-6971.

Sincerely,

Capt. L. DeLap

## SUPERINTENDENT'S REVIEW

**Name:** TRONCOSO, Miosotis               **Date:** 01/28/06
**Number:** 489364

**Date entered program:** 01/25/06

**Behavior leading to termination:** Inmate Troncoso refused to get out of her rack upon wake up at 5:35 this morning. She would not respond to any of staff's orders. She refused to walk to the main building when staff had to bring the other female inmates over for the morning chow. Inmate Troncoso said she quit the first day she arrived here on the 25th. She has not had a very positive attitude about the program in the 4 days she has been on grounds.

**Inmate Statement:** When I asked inmate Troncoso what she wanted, she said she wanted out of here, take her to any prison, send her back to the Feds, she just didn't want to be here.

**Outcome:** Inmate Troncoso would not follow any of the orders given to her by staff which became disruptive at the morning chow. She also refused to participate and wanted to be sent out of this program so she was transported to the St. Croix County Jail on 01/28/06 pending the Superintendent's review of her removal.

**Signature:** L. DeLap _[signature]_  Captain **Date:** 01/28/06

_Concur_ 1/28/06
_Termination_ _[signature]_ Supt.

DEPARTMENT OF CORRECTIONS
Division of Community Corrections
DOC-212 (Rev. 3/04)

**ORDER TO DETAIN**

WISCONSIN
Wisconsin Statutes
Sections 48.22, 57.06, 973.10(3) & 302.31
Administrative Rules
Chapter DOC 328.22 & 333

DATE: 1/28/06

☐ INTENSIVE SANCTIONS - SAFEKEEPER

TO: St. Croix County Jail - 1101 Carmichael Road, Hudson, WI 54016

Pursuant to the authority by Statute and Administrative Rule of the Department of Corrections, you are directed to hold in custody the below-named:

RE: TRONCOSO, Miosotis (Offender's Name)    DOC Number: 489364-A

Conviction: ☐ Felony ☐ Misdemeanor    Date of Birth: 12/11/1977

On 6/17/03 (Date of Conviction), in State of Massachusetts-US District Court (County) County Court, Branch _____ the above-named was convicted of Conspiracy to Possess Cocaine w/Intent to Deliver (Offense) in violation of Wisconsin State Statute Federal Statute 21 USC sec. 846 (Statute Number). This is court case number 03 CR 10229-005 PBS (Court Case Number)

The above-named is now on ☐ probation ☐ parole ☐ extended supervision ☐ lifetime supervision or is a ☐ Wisconsin State Prison Offender.

The above-named is to be held in your custody until further instructions are received from the undersigned or a duly authorized representative of the Department of Corrections.

PRINT AND SIGN NAME: Jerry Urbanek-Federal Bureau of Prisons
TITLE: Captain
AGENT #:
ADDRESS: Chicago, Illinois
TELEPHONE #: 312-886-2309

BEHAVIOR OR VIOLATION RESULTING IN CUSTODY
Federal Inmate Troncoso refuses to participate in the Challenge Program even though she voluntarily signed the paper work to be transported here from Lexington, Kentucky. Only release to Federal Authorities!

**DETENTION EXTENSION**

☐ SUPERVISOR 3 DAY EXTENSION IS AUTHORIZED FROM _____ through _____
REASON FOR 3 DAY EXTENSION

AUTHORIZED SIGNATURE (Supervisor / Designee)    DATE SIGNED

☐ REGIONAL 5 DAY EXTENSION IS AUTHORIZED FROM _____ through _____
REASON FOR 5 DAY EXTENSION

AUTHORIZED SIGNATURE (Regional Chief / Designee)    DATE SIGNED

☐ ADMINISTRATIVE EXTENSION IS AUTHORIZED FROM _____ through _____
REASON FOR EXTENSION

AUTHORIZED SIGNATURE (Administrator / Designee)    DATE SIGNED

FOR SUPERVISOR'S USE ONLY
COUNTY CODE | REIMBURSABLE HOLD ☐ YES ☐ NO | DETENTION REASON CODE

DISTRIBUTION: Original - Law Enforcement Agency; Copy - Supervisor; Copy - Case File

DEPARTMENT OF CORRECTIONS
Division of Adult Institutions
DOC-98 (Rev. 6/04)

WISCONSIN
Administrative Code
Chapter DOC 306

# INCIDENT REPORT

INSTRUCTION: Attach additional sheets if necessary. If additional Sheets are used, note the Incident Report Number at the top of each sheet.

INCIDENT REPORT NUMBER: **1086318**

| INSTITUTION | LOCATION OF INCIDENT | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|
| SCC | Athena | 1-25-06 | 1900 |

STAFF MEMBER COMPLETING REPORT: Sgt. Carlson
STAFF MEMBER TITLE: C.O. III

TYPE OF INCIDENT (CHECK ALL THAT APPLY):
- [ ] ESCAPE
- [ ] ASSAULT
- [ ] CELL EXTRACTION
- [ ] DISCHARGE OF FIREARM
- [ ] DEATH
- [ ] OFFENDER PLACED IN FULL BED RESTRAINTS
- [ ] FIRE
- [ ] USE OF FORCE
- [ ] DISTURBANCE
- [ ] INTERMEDIATE WEAPON USED - SPECIFY:
- [x] INFORMATIONAL
- [x] OTHER - SPECIFY:

PRINCIPAL PERSON INVOLVED - Name: Inmate Troncoso
STATUS: [x] OFFENDER
DOC NUMBER: 489364

NAME OF PERSON WHO DISCHARGED FIREARM: N/A
NAME OF STAFF MEMBER WHO DISCHARGED INCAPACITATING AGENT: N/A
NAME OF SUPERVISOR PRESENT WHEN INCAPACITATING AGENT WAS DISCHARGED: N/A

NAMES OF ADDITIONAL INDIVIDUALS INVOLVED:

NAMES OF WITNESSES (Other than those above):
Sgt. Cadotte — Staff
Quad 9 — Offenders

IF PERSON(S) INJURED-SPECIFY STATUS: [x] OTHER — None
WAS ANYONE HOSPITALIZED/GIVEN MEDICAL TREATMENT: [x] NO
WAS THERE ANY PROPERTY DAMAGE: [x] NO
WAS THERE ANY CONTRABAND INVOLVED: [x] NO

DESCRIPTION OF INCIDENT: On the above date & time Sgt. Cadotte & myself (Sgt. Carlson) asked Inmate Troncoso where the sweatsuit that she was wearing when she arrived at CCI? She replied I need them. I then said you will get them when you leave. She replied I am leaving. I then asked her what she meant she replied "I'm going back to the Feds. I then told her she does not tell us what she is doing we will tell her. She then said "Fine I will

CONTINUE ON REVERSE SIDE

CCM OFFICE CHICAGO   Fax:312-886-2118   Feb 1 2006 7:49   P.14

**DESCRIPTION OF INCIDENT (continued)**

just lay on my rack. I then told her fine but she is still going to do what we tell her. She then responded with shaking her arms & saying I am going to get up outta here. She then strolled by myself "Sgt. Carlson and secured her gear in the wall locker. I then ordered her to place her nose on the wall locker & stand there. She then stood one foot from it with her arms crossed with x attitude.

EOR

**SIGNATURE OF STAFF MEMBER COMPLETING REPORT:** Sgt. Carl— "Carlson"
**DATE COMPLETED:** 1-25-06

**ACTIONS TAKEN AS RESULT OF INCIDENT**

**ACTION / REASON(S) FOR ACTION:**
This report written to document inmate Troncoso's behavior towards the rules of CIP. Eventually she followed the orders for the rest of the evening. On 1/28/06 she refused to get out of her rack at 5:35am upon wake-up. She continually disobeyed orders at which point she was taken to county jail. See IR 89256

**SIGNATURE OF PERSON AUTHORIZING ACTION:** [signature]
**TITLE:** Captain
**DATE SIGNED:** 1/30/06

**FURTHER ACTION TAKEN BY SECURITY DIRECTOR:**
As noted above. Notifications made to the feds and DOC 1-30-06.

**SIGNATURE OF SECURITY DIRECTOR:** [signature]
**DATE SIGNED:** 1-30-06

**COPIES TO:** [initials]

Feb 1 2006 7:50   Fax:312-886-2118   CCM OFFICE CHICAGO   P.15

DEPARTMENT OF CORRECTIONS  
Division of Adult Institutions  
DOC-98 (Rev. 5/03)

WISCONSIN  
Administrative Code  
Chapter DOC 306

# INCIDENT REPORT

| INCIDENT REPORT NUMBER |
| --- |
| 892856 |

**INSTRUCTION:** Attach additional sheets if necessary. If additional Sheets are used, note the Incident Report Number at the top of each sheet.

| INSTITUTION | LOCATION OF INCIDENT | DATE OF INCIDENT | TIME OF INCIDENT |
| --- | --- | --- | --- |
| SCCC | Athena | 01-28-06 | 5:37 A.M. |

| STAFF MEMBER COMPLETING REPORT (Print or Type) | STAFF MEMBER TITLE |
| --- | --- |
| Sgt. Turner | Sgt. |

**TYPE OF INCIDENT (CHECK ALL THAT APPLY)**

- [ ] ESCAPE
- [ ] ASSAULT
- [ ] CELL EXTRACTION
- [ ] DISCHARGE OF FIREARM
- [ ] DEATH
- [ ] OFFENDER PLACED IN FULL BED RESTRAINTS
- [ ] FIRE
- [ ] USE OF FORCE
- [ ] DISTURBANCE
- [ ] USE OF INCAPACITATING AGENT-TYPE(S) ___ CN ___ CS ___ OC
- [x] INFORMATIONAL
- [ ] OTHER - SPECIFY:

| PRINCIPAL PERSON INVOLVED - Name | STATUS | DOC NUMBER |
| --- | --- | --- |
| Inmate Troncoso | [x] OFFENDER [ ] VISITOR [ ] STAFF [ ] OTHER | 489364 |

| NAME OF PERSON WHO DISCHARGED FIREARM | NAME OF STAFF MEMBER WHO DISCHARGED INCAPACITATING AGENT | NAME OF SUPERVISOR PRESENT WHEN INCAPACITATING AGENT WAS DISCHARGED |
| --- | --- | --- |
| NA | NA | NA |

| NAMES OF ADDITIONAL INDIVIDUALS INVOLVED | STATUS (Offender, Staff, Visitor, Other) | DOC NUMBER & DOB (If Offender) |
| --- | --- | --- |
| Capt. Delap | Staff | |
| Sgt. Gilmore | Staff | |
| Sgt. Nash | Staff | |
| Sgt. Grant | Staff | |

| NAMES OF WITNESSES (Other than those above) | STATUS (Offender, Staff, Visitor, Other) | DOC NUMBER & DOB (If Offender) |
| --- | --- | --- |
| Squad 9 | Offenders | |

| IF PERSON(S) INJURED-SPECIFY STATUS (Check all that apply) | WAS ANYONE HOSPITALIZED/ GIVEN MEDICAL TREATMENT | WAS THERE ANY PROPERTY DAMAGE | WAS THERE ANY CONTRABAND INVOLVED |
| --- | --- | --- | --- |
| [ ] OFFENDER [ ] STAFF [ ] VISITOR [x] OTHER none | [x] NO [ ] YES-SPECIFY WHO | [x] NO [ ] YES-SPECIFY: | [x] NO [ ] YES - DISPOSITION: |

**DESCRIPTION OF INCIDENT** (State all relevant facts including circumstances leading up to and/or causing incident, contributing factors and, if any, evidence. If anyone was injured include the name of the person and the extent of the injury. Including any verbal statements.)

On the above date & time, I (Sgt. Turner) turned on the lights in Athena and yelled "Get up." Athena inmates, except Inmate Troncoso #489364, got out of their rack as ordered. I then went to Inmate Troncoso's rack & pulled the covers off her, I again ordered her to get up. She did not respond. In a loud voice, I ordered her several times to get up, she continued to lay in bed rubbing her eyes and not responding to my orders. She then said "No, I don't want to be here. I told them that last night." I explained that weither or not she wanted to be here, she still had to follow the orders until she left. I tried to ask her several

(CONTINUE ON REVERSE SIDE)

**DESCRIPTION OF INCIDENT (continued)**

other questions - like how long she had left if she was terminated from the program. She would not respond. She was now sitting up in her rack, but still refused to stand up. I notified the main building that I was having trouble with a new inmate, and told them if I couldn't get her to comply, I was going to have her sit on the wall in the main building all day. I then gave Inmate Troncoso her coat and ordered her to put it on. She refused to put it on and did not say anything, she just continued to sit up in her rack, I then called Capt. DeLap at home to inform her of the situation and ask her how she wanted me to handle it. She told me to give her an orange quitter suit. I told Capt. DeLap that I gave the inmate her coat and she refused to put that on, and asked what to do if she refused to put the quitter suit on. Capt. DeLap stated to give her the quitter suit and if she will not put it on, have her hold it. I hung up and got an orange quitter suit. I gave the suit to the inmate and ordered her to put it on. She put on the shirt, there were no pants in the Athena building. I then ordered her to stand facing the wall. She complied. I gave her several orders to not lean on the rack; she did not comply or acknowledge my orders. Sgt. Gilmore came over to the Athena building, he informed me that Capt. DeLap was on her way in, because she thought the inmate was still in her rack. I called Capt. DeLap back to inform her that the inmate was out of her rack. I gave Quitter Troncoso a pair of pants and ordered her to put them on in the bathroom. She did not say anything

**SIGNATURE OF STAFF MEMBER COMPLETING REPORT**: Sgt. Turner (Sgt. Turner)
**DATE COMPLETED**: 01·28·06

**ACTIONS TAKEN AS RESULT OF INCIDENT**

**ACTION / REASON(S) FOR ACTION**: Inmate Troncoso was removed to the jail pending the Superintendent's review of this placement. On 1/30 the Superintendent reviewed the placement and terminated Troncoso from the Challenge Program.

**SIGNATURE OF PERSON AUTHORIZING ACTION**: [signature]
**TITLE**: Captain
**DATE SIGNED**: 1/31/06

**FURTHER ACTION TAKEN BY SECURITY DIRECTOR**:

**SIGNATURE OF SECURITY DIRECTOR**:
**DATE SIGNED**:

**COPIES TO**: [illegible]

01.28.06
Sgt. Turner
(Sgt. Turner)

and went into the ~~head~~ bathroom. She was in there several minutes, so I had to go into the bathroom and order her to hurry up. When she was dressed I ordered her to go stand facing the wall.

At 6:50 Capt. DeLap arrived at the Athena building. Capt. DeLap spoke with the inmate, trying to convince the inmate to comply with the orders. Inmate Troncoso stated she did not want to eat and she did not want to go to the main building for chow. Capt. DeLap explain that she had to go to the main building and if she did not go on her own, staff was going cuff her and bring her over. Capt. DeLap gave the order for the inmate to stand up several times, the inmate did not comply. Inmate Troncoso stayed sitting on the ground, and did not acknowledge staff's orders.

We removed the other inmates from the building and Sgt. Nash & Sgt. Grant came over to help escort Inmate Troncoso to the main building. Once all staff were present and the other inmates not involved were removed, Capt. DeLap ordered Inmate Troncoso again to stand up. Inmate Troncoso stood up, but would not move away from facing the wall. Inmate Troncoso was still not responding to staff's orders.

Capt. DeLap ordered us to place the cuffs on her. Inmate Troncoso had both her hands behind her back. Sgt. Grant secured her right hand, while Sgt. Gilmore secured her left hand. Staff told the inmate they were going to be placing her in restraints. Inmate Troncoso did not respond. Sgt. Gilmore placed the cuff on her left hand and double locked it for the inmate's staff's safety. Sgt. Gilmore then placed the cuff on her right hand double locking it for the inmate's & staff's safety. She was then escorted over to chair and ordered to kneel on it. She complied to the order. I then secured on her left leg restraint & then the right leg restraint. Sgt Gilmore double locked them, while I told the inmate "we are double locking these for your safety and ours".

IR # 892856
01-28-06
Sgt. Turner
(Sgt. Turner)

Inmate Troncoso was then escorted to the main building by myself and Sgt. Grant. In the main building, she was ordered to sit in the chair and not move. She was informed that if she stood up or moved from the chair without being told to by staff, that would be considered an escape. She did not respond to the order.

Inmate Troncoso sat in the chair looking at the wall, while staff monitored her. Capt. DeLap contacted the St. Croix County Jail to see if they had room for us to TLU her there. Capt. DeLap took care of getting all the paperwork ready for us.

At 8:11am Capt. DeLap notified myself & Sgt. Gilmore Inmate Troncoso was ready to be transported. We notified the jail we were on our way; Sgt. Gilmore and myself transported the inmate.

At the county jail, I removed the restraints and left Inmate Troncoso in the custody of the St. Croix County Jail. EOR

Sgt. Turner
(Sgt. Turner)
01-28-06

DEPARTMENT OF CORRECTIONS
Division of Adult Institutions
DOC-98 (Rev 6/04)

WISCONSIN
Administrative Code
Chapter DOC 306

## INCIDENT REPORT

INCIDENT REPORT NUMBER: **1086317**

INSTRUCTION: Attach additional sheets if necessary. If additional Sheets are used, note the Incident Report Number at the top of each sheet.

INSTITUTION: 46
LOCATION OF INCIDENT: ATHENA BUILDING
DATE OF INCIDENT: 01/28/06
TIME OF INCIDENT: 0550 AM

STAFF MEMBER COMPLETING REPORT: D. GILMORE
STAFF MEMBER TITLE: SGT.

TYPE OF INCIDENT (CHECK ALL THAT APPLY):
- [ ] ESCAPE
- [ ] ASSAULT
- [ ] CELL EXTRACTION
- [ ] DISCHARGE OF FIREARM
- [ ] DEATH
- [ ] OFFENDER PLACED IN FULL BED RESTRAINTS
- [ ] FIRE
- [ ] USE OF FORCE
- [ ] DISTURBANCE
- [ ] INTERMEDIATE WEAPON USED - SPECIFY:
- [ ] INFORMATIONAL
- [x] OTHER - SPECIFY: INMATE TRANSPORTED TO SCCJ.

PRINCIPAL PERSON INVOLVED Name: TRONCOSCO
STATUS: [x] OFFENDER
DOC NUMBER: 489364

NAMES OF ADDITIONAL INDIVIDUALS INVOLVED:
- CPT. DELAP
- SGT. TURNER
- SGT. NASH
- SGT. GRANT

NAMES OF WITNESSES (Other than those above): VARIOUS INMATES

WAS ANYONE HOSPITALIZED/GIVEN MEDICAL TREATMENT: [x] NO
WAS THERE ANY PROPERTY DAMAGE: [x] NO
WAS THERE ANY CONTRABAND INVOLVED: [x] NO

DESCRIPTION OF INCIDENT:

ON 01/28/06 SGT TURNER TELEPHONED THE MAIN BLDG AND REPORTED THAT SHE HAD AN INMATE RUFUSING TO GET OUT OF HER RACK AT WAKE-UP. I SUGGESTED THAT SGT. TURNER CONTACT A SUPERVISOR, ON HOW TO PROCEDE. CPT. DELAP ADVISED US, TO ORDER HER TO FOLLOW ORDERS, BUT WAIT TILL SHE ARRIVED TRANCOSCO (CONTINUE ON REVERSE SIDE)

**DESCRIPTION OF INCIDENT (continued)**

TO IF FURTHER ACTION WAS REQUIRED. I WALKED TO THE ATHENA BLDG. INMATE TRONCOSCO WAS OUT OF HER RACK, AND PUT A QUITTER TOP ON, BUT WAS REFUSING TO RESPOND TO, OR FOLLOW FURTHER ORDERS. CPT. DELAP RESPONDED TO THE ATHENA BUILDING, AND SPOKE WITH TRANCOSCO. TRANCOSCO REFUSED TO RESPOND TO, OR COMPLY WITH ORDERS. SGTS. NASH AND GRANT RESPONDED TO THE ATHENA BUILDING. CPT. DELAP, SGTS. TURNER, GRANT AND I EXPLAINED TRONCOSCO'S OPTIONS AND THE POTENTIAL CONSEQUENCES OF HER ACTIONS TO HER. TRONCOSE WAS GIVEN SEVERAL ORDERS TO MARCH TO THE MAIN BLDG. SHE REFUSED TO RESPOND TO, OR FOLLOW THESE ORDERS. CPT. DELAP ORDERED THAT TRANCOSCO BE RESTRAINED. I APPLIED AND DOUBLE LOCKED HANDCUFFS TO TRANCOSCO'S WRISTS. SGT. TURNER ORDERED TRANCOSCO TO KNEEL ON A CHAIR, AND LEG IRONS WERE APPLIED AND DOUBLE LOCKED. SGTS. GRANT AND TURNER ESCORTED TRANCOSCO TO THE GYM OF THE MAIN BLDG. TRANCOSCO WAS SEATED IN A CHAIR. APPROX 30 MIN LATER SGTS TURNER AND I TRANSPORTED TRANCOSCO TO THE SCCS. TRANCOSCO REFUSED TO ANSWER QUESTIONS BY THE JAILERS WHILE WE WERE AT THE SCCS.

**SIGNATURE OF STAFF MEMBER COMPLETING REPORT:** SGT. GILMORE
**DATE COMPLETED:** 01/29/06

**ACTIONS TAKEN AS RESULT OF INCIDENT**
**ACTION** | **REASON(S) FOR ACTION**

**SIGNATURE OF PERSON AUTHORIZING ACTION** | **TITLE** | **DATE SIGNED**

**FURTHER ACTION TAKEN BY SECURITY DIRECTOR**

See INCIDENT Report # F9L856 AND 1086408.

**SIGNATURE OF SECURITY DIRECTOR:** [signature] CPT.
**DATE SIGNED:** 1-30-06

**COPIES TO:** F, L, S

DEPARTMENT OF CORRECTIONS
Division of Adult Institutions
DOC-98 (Rev. 6/04)

WISCONSIN
Administrative Code
Chapter DOC 306

## INCIDENT REPORT

INCIDENT REPORT NUMBER: **1086408**

INSTRUCTION: Attach additional sheets if necessary. If additional Sheets are used, note the Incident Report Number at the top of each sheet.

| INSTITUTION | LOCATION OF INCIDENT | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|
| 46 | Athena Building | 01-28-06 | 0712 AM |

| STAFF MEMBER COMPLETING REPORT (Print or Type) | STAFF MEMBER TITLE |
|---|---|
| T. Grant | CO II |

TYPE OF INCIDENT (CHECK ALL THAT APPLY):
- [ ] ESCAPE
- [ ] ASSAULT
- [ ] CELL EXTRACTION
- [ ] DISCHARGE OF FIREARM
- [ ] DEATH
- [ ] OFFENDER PLACED IN FULL BED RESTRAINTS
- [ ] FIRE
- [ ] USE OF FORCE
- [ ] DISTURBANCE
- [ ] INTERMEDIATE WEAPON USED - SPECIFY:
- [ ] INFORMATIONAL
- [x] OTHER - SPECIFY: placed into handcuffs and leg irons

PRINCIPAL PERSON INVOLVED - Name: Troncoso, M
STATUS: [x] OFFENDER [ ] VISITOR [ ] STAFF [ ] OTHER
DOC NUMBER: 489364

| NAME OF PERSON WHO DISCHARGED FIREARM | NAME OF STAFF MEMBER WHO DISCHARGED INCAPACITATING AGENT | NAME OF SUPERVISOR PRESENT WHEN INCAPACITATING AGENT WAS DISCHARGED |
|---|---|---|
| NA | NA | NA |

NAMES OF ADDITIONAL INDIVIDUALS INVOLVED:
Sgt. Turner
Sgt. Gilmore
Sgt. Nash
Capt. Delap
} Staff

NAMES OF WITNESSES (Other than those above):

IF PERSON(S) INJURED-SPECIFY STATUS (Check all that apply):
- [ ] OFFENDER [ ] STAFF
- [ ] VISITOR [ ] OTHER

WAS ANYONE HOSPITALIZED/GIVEN MEDICAL TREATMENT: [x] NO [ ] YES-SPECIFY WHO:
WAS THERE ANY PROPERTY DAMAGE: [x] NO [ ] YES-SPECIFY:
WAS THERE ANY CONTRABAND INVOLVED: [x] NO [ ] YES - DISPOSITION:

DESCRIPTION OF INCIDENT (State all relevant facts including circumstances leading up to and/or causing incident, contributing factors and, if any, evidence. If anyone was injured include the name of the person and the extent of the injury. Including any verbal statements.)

On the above Sgt. Gilmore called via the radio that more staff was needed to help escort an inmate from Athena to main building. Sgt. Nash and I went to the Athena Building. Upon arrival I seen Inmate Troncoso #489364 sitting on the floor facing the wall by the washer/dryer area. Captain Delap again asked Inmate Troncoso if she wanted to participate in the program. Inmate Troncoso refused to answer. It was at this Capt. Delap told us to place Inmate Troncoso into restraints.

(CONTINUE ON REVERSE SIDE)

**DESCRIPTION OF INCIDENT (continued)**

Sgt. Gilmore ordered Inmate Troncoso to stand up to which she complied. I secured her right arm while Sgt. Gilmore secured her left arm and applied the handcuffs. The handcuffs were double locked for her safety as well as the institution's.

Inmate Troncoso was told to step over to the chair where the leg irons could be placed upon her legs. Sgt. Turner applied the leg irons and Sgt. Gilmore double locked them for safety reasons. She was escorted to the main building by Sgt Turner and I. She (Inmate Troncoso) sat on a chair at the main building without any further problems.

**SIGNATURE OF STAFF MEMBER COMPLETING REPORT**

**DATE COMPLETED:** 01-28-06

**ACTIONS TAKEN AS RESULT OF INCIDENT**

**ACTION** | **REASON(S) FOR ACTION**

See incident report # 892856.

**SIGNATURE OF PERSON AUTHORIZING ACTION** | **TITLE:** Sgt | **DATE SIGNED:** 1-30-06

**FURTHER ACTION TAKEN BY SECURITY DIRECTOR**

**SIGNATURE OF SECURITY DIRECTOR** | **DATE SIGNED**

**COPIES TO:**